AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2021

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 1:20-CR-02046-SAB-1 |
| Charlie Jim Peters ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ❒ Prior criminal history
- ❒ Participation in criminal activity while on probation, parole, or supervision
- ❒ History of violence or use of weapons
- ☑ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☑ Lack of stable residence
- ❒ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ☒ Prior failure to appear in court as ordered
- ❐ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

SEE ADDENDUM

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/07/2021                                                  /s/ Mary K. Dimke
                                                                         United States Magistrate Judge

Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged with sexually abusing a minor under the age of 16. The United State proffered that Defendant sexually assaulted a minor female who was 13 years old at the time of the incident and that he covered her mouth with his hand while perpetrating the abuse. It was further proffered that the abuse was observed by an eyewitness who identified the Defendant. Additionally, the United States proffered that DNA test results indicated that Defendant's DNA was found on the victim. It was also proffered that Defendant threatened the victim and her family after the incident was reported to law enforcement. Specifically, it is proffered that after the victim reported the alleged incident, Defendant entered the victim's home and pointed a firearm at the victim's grandfather and drove by the victim, while making threatening gestures and statements. Finally, it was proffered that Defendant was initially cooperative with the investigation into the alleged sexual assault, however, when the case agent advised Defendant a warrant had been issued for his arrest, Defendant refused to self-surrender, ceased communication, and remained in the community until he was located and arrested. These allegations are serious and the specific allegations regarding threatening a victim and victim's after reporting a crime, particularly, with a firearm, is a strong indication that he poses a danger if he is released. Moreover, the failure to surrender once he was advised a warrant was issued is indicative of a risk of nonappearance.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. Based on the United States' proffer, which included the results of DNA testing, an eyewitness account of the incident, the victim's immediate report and statement, and the alleged threats made by Defendant to the victim and her family members, there is sufficient evidentiary weight to the case to give the Court concern as to dangerousness and risk of nonappearance.

Turning to his history and characteristics, Defendant is 32 years old, was born in Toppenish, Washington, and has resided in the District for the majority of his life. His mother, stepfather, and brother reside in the White Swan, Washington, and have indicated that Defendant could reside with them were he to be released. Importantly, however, this proposed release address is less than four miles away from the home of the victim. Moreover, they have indicated their grandchildren visit the residence and they were unwilling to preclude the minor grandchildren from visiting the residence. Additionally, Defendant has four other siblings who reside in the state of Washington. Defendant has a long-term significant other who

resides in Goldendale, Washington. Defendant completed school through the 11th grade and began the GED program however he did not complete it. Prior to his arrest, Defendant lacked stable housing and was homeless for approximately the past five years. Defendant has been out of work since March of 2020 and lacks a substantial work history.

Defendant has a relatively minor criminal history. That said, it is clear that he has struggled with alcohol use. Defendant has been convicted of driving under the influence on two occasions (2009, 2014) and has a currently unresolved charge for public drunkenness (2015). It is alleged he was intoxicated during the charged incident. Moreover, he suffered from substantial withdrawals when he was arrested. Additionally, Defendant has been convicted of a controlled substance violation (2014), harassment (2014), and residential burglary (2016). Further, Defendant has a history of failing to appear to his state court matters causing warrants to be issued on at least three occasions.

In sum, the court finds that Defendant has failed to rebut the presumption of detention. Moreover, the Court finds by clear and convincing evidence there are no conditions of combination of conditions other than detention that will ensure the safety of the community and the Defendant's appearance at future court hearings.