Jeremy B. Sporn
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable STANLEY ALLEN BASTIAN

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br> v.<br><br>Charlie J. Peters,<br><br>    Defendant. | Case No. 1:20-cr-2046-SAB<br><br>**Motion for Discovery and/or to Compel**<br><br>Yakima - With Oral Argument<br><br>February 4, 2021, at 6:30 |

The defendant, Charlie Peters, respectfully moves this Court for an order directing the government to turn over unredacted discovery to defense counsel such that the undersigned can attempt to provide the effective assistance of counsel.  The motion is made on the following record.

On December 8, 2020, the government indicted Mr. Peters on one count of sexual abuse, in violation of 18 U.S.C. § 2242.  The act in question is alleged to have occurred in July 2020, and was apparently immediately reported to the authorities, who commenced an investigation at once.  Mr. Peters was arrested on the indictment on January 4, 2020,

Motion for Discovery and/or to Compel

1

and has remained in custody since.  He was arraigned on January 5, and the undersigned entered an appearance on January 8.

On January 19, the 14th day from his arraignment, the government began turning over discovery, including heavily redacted reports, but not including the recordings of audio statements Mr. Peters and others made, which were provided over the Summer of 2020.  After defense counsel reviewed discovery, he contacted the assigned AUSA as to the redactions, and the non-production of the recordings.  The AUSA indicated that he was declining to turn over unredacted discovery because of the age of the complainant (13 at the time of the incident, 14 now) and the nature of the case.  He also indicated that the recordings, including Mr. Peters' statements would be forthcoming, although we have not received them as of yet, 23 days following Mr. Peters' arraignment.  Because the parties have been unable to resolve their discovery issues amongst themselves, in accordance with Local Criminal Rule 16, we require the Court's intervention.

Among the redactions in the FBI 302s and other police reports are the names and identities of the complainant, her sibling (who appears to have been at least a partial eyewitness), her mother (who also appears to be an essential witness in the aftermath of the incident), and other key family members.  Any identifying information as to who these people might be has been redacted.  The government likewise redacted the location where the incident allegedly occurred, which is even an element of the charged offense

Motion for Discovery and/or to Compel

requiring that it be in Indian Country (although it later disclosed the address in e-mail correspondence).

These are hardly trivial matters. They go straight to Mr. Peters' ability to investigate the case and defend himself. And he, as well as defense counsel, are simply unable to do so in the face of such redactions, which at times even obscure what information is meant to be conveyed (beyond *who* is conveying it). Investigation and trial preparation is not a guessing game, or a puzzle that defense counsel should have to put together with the clues the government makes available to him. We are in the dark, effectively stymied by the government's obscurantism.

Rule 16(d) states, in no uncertain terms: "At any time *the court* may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. *The court* may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal." (emphasis added). It is the Court, not the government, that should decide upon any necessary or appropriate redactions. But the government here has usurped that power.

The Court's authority to regulate discovery is broad. *See United States v. Grace*, 526 F.3d 499 (9th Cir. 2008). Even withholding a *confidential informant's* identity must yield when relevant or helpful to the defense, or essential to a fair determination. *See Roviaro v. United States*, 353 U.S. 53 (1957). Disclosure is even more necessary when it

Motion for Discovery and/or to Compel

comes not to an informant, but the complainant. *See United States v. Grace*, 401 F. Supp. 2d 1093, 1100-01 (D. Mont. 2005) (directing unredacted disclosure of victim's medical information, beyond mere identity); *see also United States v. Diaz*, 2006 U.S. Dist. LEXIS 53428, at *3, 7 (N.D. Cal. 2006), *vacated on other grounds*, 472 F.3d 1106 (9th Cir. 2007) ("The government has no more unilateral right to redact names of potential witnesses from Rule 16 documents than it does to blot out faces of potential witnesses in Rule 16 photographs. Only the district court can authorize such redactions in discoverable information. ... Once material is discoverable under Rule 16, it is axiomatic that the Court may require *all* of it to be produced without any redactions.") (emphasis in original).  In a case with an apparent victim, what can be more basic than the complainant's identity? And how can Mr. Peters be expected to meaningfully defend himself without being made of who his accusers are?

Indeed, withholding the identity of the complainant is contradicted by other Federal Rules.  For example, Fed. R. Crim. Pro. 17(c)(3), which governs early-return subpoenae, requires a court order when a defendant seeks to subpoena a third party for "personal or confidential information about a victim."  It likewise requires notice to the victim so that he or she can move to quash or modify the subpoena or otherwise object." *Id.*  But how can a defendant reasonably be expected to subpoena information about a victim unless he knows the identity of the victim? And how can he be expected to provide notice or respond to an objection if the victim's identity remains shrouded in secrecy?

Motion for Discovery and/or to Compel

The answers, respectfully, are obvious: nothing about discovery restrictions or limitations is intended to deprive the defendant of essential knowledge about the charge against him, to include the complainant's name and identity, as well as those of other essential witnesses.

There is a mechanism under the law to address the government's apparent concerns as to the minor status of the complainant and the nature of the allegations: a protective order under 18 U.S.C. § 3509(d)(3) that regulates public disclosure of identifying information.  The government regularly seeks such an order in similar cases, and defense counsel routinely agrees to such protective orders.  Here too, defense counsel indicated a willingness to enter into a protective order.  Further, the text of subsection (d)(1) plainly contemplates that the "attorney for the defendant" has access to "documents that disclose the name or any other information concerning a child" [i.e., government discovery].

Likewise, subsection (d)(2) authorizes a party to file identifying information under seal, with redactions "to be placed in the public record."  Thus, the law regulates disclosure of the identity of a minor victim of a sex offense *to the public*, but nothing about that procedure is intended to prevent or inhibit disclosure *to defense counsel*.  The government's apparent interpretation here would render such provisions superfluous or meaningless, as making defense lawyers subject to protective orders only kicks in if we know identifying details.

Motion for Discovery and/or to Compel

Mr. Peters is not asking for sanctions.  He is not asking for an admonishment. He is not seeking to preclude evidence.  He is simply asking for what he is entitled to receive, by rule and by law.  Further, without the basics as to the complainant and other key witnesses, we are unable to determine whether counsel has a conflict of interest that might necessitate withdrawal[1].  For these reasons, Mr. Peters respectfully moves for an order directing the government to produce unredacted discovery which does not obscure the names and identities of the complainant and other essential witnesses, and the relevant recordings as to his and others' statements.

Dated:   January 28, 2021

Respectfully Submitted,

S/Jeremy B. Sporn
Jeremy B. Sporn, NY 4779310
Attorneys for Charlie J. Peters
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
Email: Jeremy_Sporn@fd.org

---

[1] On the limited basis of what we know, counsel in fact has a legitimate concern as to a current conflict of interest, but which remains speculative without the ability to confirm identifying information as to the complainant and/or her family members.  This is hardly the way to provide effective, conflict-free and ethical representation.

Motion for Discovery and/or to Compel

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Michael D. Murphy and Matthew Stone, Assistant United States Attorneys.

<u>S/Jeremy B. Sporn</u>
Jeremy B. Sporn, NY 4779310
Attorneys for Charlie J. Peters
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
Email: Jeremy_Sporn@fd.org

Motion for Discovery and/or to Compel