William D. Hyslop
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No.: 20-CR-2046-SAB |
|---|---|
| Plaintiff, | United States Response to Defendant's Motion for Discovery and/or to Compel (ECF 23) |
| vs. | |
| CHARLIE JIM PETERS, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney for the Eastern District of Washington, hereby respond to Defendant's Motion for Discovery and/or to Compel filed January 28, 2021 (ECF 23).

By that motion, Defendant seeks from the Court an order requiring to United States to provide discovery to him without redactions. Defendant stands charged with one count of sexual abuse contrary to 18 U.S.C. §§ 1153 and 2242(2)(B) on or about July 12, 2020 (ECF 1, Indictment). He is alleged to have caused a sexual act, the intentional touching, not through the clothes, of a minor under the age of 16 at a time when the minor victim was physically incapable of declining participation in the sexual act and physically incapable of communicating unwillingness to engage in the sexual act. *Id.* Defendant contends that, without

United States Response to Motion to Compel - 1

unredacted discovery, his counsel is unable to determine whether counsel might have a conflict of interest and unable to adequately investigate and prepare a defense of the case.

The United States notes that this case is somewhat out of the ordinary in that the sexual assault charged took place on or about a specified day, rather than within a particular time period. This is an instance in which the assault was promptly reported and the investigation commenced relatively quickly. Defendant's claim that he cannot inform his counsel regarding the possibility of a conflict and cannot prepare without discovery containing the name and other details of the minor victim and other witnesses, both minor and adult, rests upon the proposition that he neither knew the minor victim nor the other persons present on the property where he was staying, and at which he had been living, for some days. Defendant and his then-girlfriend had been staying in a tent on the property where the assault occurred. Discovery provided to the Defendant includes photographs of that property, including the structure in which the assault was accomplished. Defendant's motion rests upon the idea that he does not know the identity of the minor victim that he sexually assaulted, nor the names of other persons present on the property at the time of the assault.

The government has a duty to seek to protect private information of victims and witnesses, as well as their safety. For example, the Crime Victims' Rights Act (CVRA) codifies victims' rights, including the right to be treated with respect for their privacy. *See* 18 U.S.C. § 3771(a)(8). The Court also has a duty to ensure that victims' rights under the Act are enforced. 18 U.S.C. § 3771(b)(1). The Attorney General's Guidelines for Victim and Witness Assistance and the United States Attorney's Manual require the government to seek to protect witnesses' privacy interests as well. *See*, *e.g.*, USAM 9-6.200 (prosecutors should not reveal victims' or witnesses' addresses, telephone numbers, dates of birth and social security

United States Response to Motion to Compel - 2

numbers unless required by statute, rules, court order, or special prosecutorial need); *cf.* 18 U.S.C. § 3432 (the government is required to provide contact information for victims and witnesses in capital cases, but not until three days prior to trial, and that may be excused if the court finds by a preponderance of the evidence that disclosure may jeopardize the life or safety of any person). In this instance, the Court should not require the production of unredacted discovery regarding the minor victim or witnesses.

    Defendant complains that the United States redacted the address where the assault occurred from discovery listing that information. Upon that issue being brought to the attention to counsel for the United States, the address was supplied, via email, the next day. This is despite the fact that the defendant could reasonably be expected to know where he was staying, with his girlfriend, in July of 2020 and recognize the property from photographs.

    Defendant also requests his recorded statements to law enforcement officers and other recorded statement of witnesses. The United States will produce those documents. Redaction of them is not technologically feasible at this time and the United States will seek to come to agreement as to a form of protective order with counsel for Defendant and produce the recordings in complete format if the order is approved by the Court.

    For the foregoing reasons, the United States respectfully requests that Defendant's motion be denied.

    Dated: February 10, 2021.

William D. Hyslop
United States Attorney

s/Michael D. Murphy
Michael D. Murphy
Assistant United States Attorney

I hereby certify that on February 10, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorney(s) of record in this case:

>  /s/ Michael D. Murphy
> MICHAEL D. MURPHY
> Assistant U.S. Attorney