Jeremy B. Sporn
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable STANLEY ALLEN BASTIAN

| United States of America, | Case No. 1:20-cr-2046-SAB |
|---|---|
| Plaintiff, | **Defendant's Reply Memorandum in Further Support of <u>Motion for Discovery</u>** |
| v. | |
| Charlie J. Peters, | Yakima - Oral Argument Requested |
| Defendant. | |

The defendant, Charlie Peters, respectfully submits this brief reply in opposition to the Government's response [ECF Document No. 26] to his earlier-filed motion to compel production of unredacted discovery [ECF Document No. 23].  The government does not appear to deny its disclosure requirements, but instead seems to argue that whatever obligation exists should be excused because it should be up to Mr. Peters himself to educate defense counsel about the particulars of the case and the information sought.  This has it backwards.

Mr. Peters would be within his rights to decline to say a word to defense counsel about the allegations or the complainant.  And yet he still would have certain statutory

and constitutional rights, including to the effective assistance of counsel. Part of the

reasons for Rule 16 and discovery in the first place is to spare lawyers the unpleasant duty

of prying information from reluctant or deluded clients[1]. The government's obligations

are not impacted by whether Mr. Peters decides or declines to fill in the blanks created by

what the government deems permissible to disclose.

The government's logic, carried further, would obviate the need for it to turn over

much of the discovery that Rule 16 requires. Its response evinces a misapprehension as to

communications between defendants and their lawyers. Despite the presumption of

innocence, the government assumes there is something for Mr. Peters to tell. Suppose he

is confused by the charges. Or what if there is simply nothing to disclose on Mr. Peters'

part? The Court should not decide the motion on the assumption there is. And a

conversation between Mr. Peters and defense counsel along the lines of what the

government apparently envisions could risk considerable damage to the attorney-client

relationship, particularly at a precarious time when we are still establishing that

relationship and building trust and confidence.

Nor does the provision of certain information, for example, as to the timing or

location of the allegations, lessen the need for the government to turn over other critical

---

[1] Nothing in this motion should be read to indicate that Mr. Peters has been uncooperative or obstreperous.

Defendant's Reply Memorandum in Further Support of Motion for Discovery

information.  Put differently, knowing the when and where does not compensate for ignorance as to the who.  Further, contrary to at least the implicit representations in the government's brief, we are not asking for wholly unredacted discovery materials.  For example, contact information such as a telephone number or identifying information such as a social security number, is often redacted without complaint by the defense.  But not the name of the complainant and other key witnesses.

The government's concerns for the need to retain the confidentiality of certain sensitive information could be amply met by a protective order.  But that is the remedy for such concerns, not selective disclosure that withholds key information.  Finally, the government cites the need to redact Mr. Peters' and others' recorded statements before disclosure, and as the justification for why they still have not been turned over (over one month since Mr. Peters' arraignment, and two months since he was indicted).  But that is part of the problem; they should not be redacted in the first place, and they should have been turned over weeks ago.  And it makes no sense to redact portions of Mr. Peters' own interview statement such that defense counsel does not even know certain things *he* said or that were said *to him*.  It is to avoid disputes like this that we have the Local Rule requiring the government to turn over discovery within 14 days of arraignment.  For these reasons, we ask the Court to grant the motion.

Defendant's Reply Memorandum in Further Support of Motion for Discovery

Dated:   February 11, 2021

Respectfully submitted,

S/Jeremy B. Sporn
Jeremy B. Sporn, NY 4779310
Attorneys for Charlie J. Peters
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
Email: Jeremy_Sporn@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2021, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF System which will send notification of

such filing to the following: Michael D. Murphy, Assistant United States Attorney.

S/Jeremy B. Sporn
Jeremy B. Sporn, NY 4779310
Attorneys for Charlie J. Peters
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
Email: Jeremy_Sporn@fd.org

Defendant's Reply Memorandum in Further Support of Motion for Discovery

4