Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLEY JIM PETERS,<br><br>Defendant. | 1:20-CR-02046-SAB<br><br>United States' Sentencing Memorandum |

    Plaintiff United States of America, by and through Vanessa R. Waldreff, United States Attorney for the Eastern District of Washington and Michael D. Murphy, Assistant United States Attorney for the Eastern District of Washington hereby submits its sentencing memorandum.

    Pursuant to a written plea agreement (ECF 84), Defendant pleaded guilty on February 22, 2023 to the Indictment, which charged him with Sexual Abuse in violation of 18 U.S.C. §§ 1153, 2242(2)(B). The United States Probation Offices submitted a draft Presentence Investigation Report ("PSR") which was filed on May 17, 2023 (ECF 86). The United States has no objections to the PSR.

United States' Sentencing Memorandum     1

The PSR calculates Defendant's total offense level as 37. PSR, ¶ 48. This level contemplates a three level reduction for acceptance of responsibility. *Id.* at ¶ 46-47. Defendant's criminal history category is calculated as II. *Id.* at ¶ 68. Accordingly, the draft PSR calculates his guideline sentencing range as 235 to 293 months incarceration followed by 5 years to life of supervised release. *Id.* at ¶¶ 99, 101. Pursuant to the Plea Agreement, the United States agree to recommend that the Defendant receive a sentence of incarceration of 72 months imprisonment. Plea Agreement, (ECF 84, ¶ 9).

### Sentencing Recommendation

The United States requests that the Court enter a sentence of 72 months incarceration followed by 5 years of supervised release. As recounted in the PSR, Defendant sexually assaulted A.S. in July 2020. PSR, ¶¶ 10-15, 23. At the time, A.S. was between the ages of twelve and sixteen years. ECF 84, ¶ 8(b). DNA results showed strong support for inclusion of Defendant's DNA on swabs taken from the victim's vulvar/perineal area. PSR, ¶¶ 20, 22; ECF 84, p. 5. Defendant was under the influence of alcohol and marijuana at the time of the offense. *Id.* ¶¶ 17, 23, 29, 88. The United States has discussed the recommended sentence with the victim in this case and her family. The victim recognizes the challenges presented by a jury trial under the facts of this case and does not oppose the recommendation. Despite being well under a guideline sentence, a period of 72 months incarceration followed by 5 years supervised release is a significant sentence and should deter Defendant from future unlawful conduct.

### Special Penalty Assessment

Given Defendant's current lack of resources and limited work history, the United States does not request the imposition of a criminal fine in this case. However, the United States does request that the Court impose, in addition to the mandatory $100 special penalty assessment, a $5,000 mandatory special penalty

assessment pursuant to 18 U.S.C. § 3014. Although Defendant has limited resources at this time, he is a young man of thirty-four years. PSR, p. 2. He denied having any assets and failed to return a release of information, so no evidence of any debts has been provided. *Id.* at ¶ 95. Should the Court impose the recommended sentence, Defendant would have years of potential gainful employment to pay the assessment. Future earning potential is a basis for determining that a defendant subject to the § 3014 ("JVTA") special penalty assessment is non-indigent for the purpose of the statute. *United States v. Rosario*, 7 F.4th 65, 70 (2d Cir. 2021) ("The Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Circuits—all of our sister circuits to have considered the issue—have held that courts may consider a defendant's future earning potential when determining indigency for purposes of imposing the JVTA assessment.") (citing, among other cases, *United States v. Strange*, 692 F. App'x 346, 348–49 (9th Cir. 2017)); *also see United States v. Procell*, 31 F.4th 32, 38 (1st Cir. 2022).

      The defendant's obligation to pay the JVTA assessment continues for 20 years after entry of judgment or release from prison, whichever is later. 18 U.S.C. §§ 3014(g), 3613(b). Given this obligation, "it would make little sense for the district court to consider only the defendant's financial condition at the time of sentencing" because "[t]hat snapshot in time may not accurately represent the defendant's condition five, ten, or twenty years after sentencing." *United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019). The long lasting nature of the obligation sets it apart from other judicial determinations of indigency, for example, in granting court-appointed counsel, a court must assess a defendant's immediate ability to pay. *United States v. Rosario*, 7 F.4th 65, 71 (2d Cir. 2021). In this case, where Defendant has no debts and will be thirty-five years old at the time of sentencing, the fact of his unemployment and lack of assets at the time of his arrest should not preclude the Court finding that he is not indigent for the

United States' Sentencing Memorandum    3

purpose of the $5,000 JVTA special penalty assessment, particularly should the Court impose the requested sentence which is significantly under the applicable guideline range.

**Restitution**

The only claim for restitution received so far is for $257.55 from the Department of Health and Social Services for services rendered to the victim. PSR, ¶¶ 31-32. The United States requests that the Court order restitution in the amount of $257.55.

Based upon the foregoing, the United States respectfully requests that the Court impose a sentence of 72 months incarceration to be followed by 5 years supervised release, no criminal fine, a $100 special penalty assessment and a $5,000 JVTA special penalty assessment, and restitution in the amount of $257.55.

Dated: June 5, 2023.

          Vanessa R. Waldreff
          United States Attorney

          */s/ Michael D. Murphy*
          Michael D. Murphy
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered parties.

*/s/ Michael D. Murphy*
Michael D. Murphy
Assistant United States Attorney