# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>-vs-<br><br>CHARLIE JIM PETERS,<br><br>                                   Defendant. | Case No.      1:20-CR-2046-SAB-1<br><br>**CRIMINAL MINUTES**<br><br>DATE:      OCTOBER 18, 2023<br><br>LOCATION:  YAKIMA, WA<br><br>**SENTENCING HEARING** |

| Chief Judge Stanley A. Bastian ||||
|---|---|---|---|
| Michelle Fox | 03 | | Marilynn McMartin |
| **Courtroom Deputy** | **Law Clerk** | **Interpreter** | **Court Reporter** |
| Thomas Hanlon || Kenneth Therrien ||
| **Government Counsel** || **Defense Counsel** ||
| **United States Probation Officer:**  Carrie Valencia ||||

[ X ]  Open Court     [   ]  Chambers     [   ]  Telecon/VIDEO

Defendant present and in custody of the US Marshal.

Court outlines the case. Defendant pled guilty. Court summarizes maximum penalties and guidelines. Court has reviewed all of the materials submitted and presentence report. Court has reviewed the presentence report. 35, II, 188-235 months.

K. Therrien objects to the enhancements. Offense level should be 27, 78-97 months. K. Therrien presents argument. Court questions counsel and summarizes the enhancements.

C. Valencia states that Paragraph 43 is the obstruction. The enhancement is the obstruction.

T. Hanlon agrees to the presentence report.

K. Therrien states the facts are denied. Defendant is not testifying.

Court finds paragraph 38 is appropriate, paragraph 39, paragraph 40 and paragraph 43 are all appropriate. Court overrules the objections. The final offense level: 35, II, 188-235 months.

[ X ]  **ORDER FORTHCOMING**

| CONVENED: 9:30 A.M. | ADJOURNED: 9:48 AM. | TIME: 18 MIN. | CALENDARED    [ X ] |
|---|---|---|---|

*USA -vs-  C. Peters*                                                                                                              October 18, 2023
1:20-CR-2046-SAB-1                                                                                                                                 Page 2
Sentencing Hearing

T. Hanlon presents argument and outlines recommendations.  Victims were notified of the hearing but are not present.  Recommending 72 months.  JVTA: $5,000.  Restitution: $257.55.

K. Therrien presents argument and outlines recommendations.  Agreed sentence of 72 months.

Court speaks to the defendant.

Defendant speaks to the Court.

Court speaks to the defendant.  Court outlines the 3553 factors.

Imprisonment:  120 months.  Credit for time served.

Supervised Release:  5 years with the standard conditions and the following special conditions:

1. You must not communicate, or otherwise interact, with A.S., either directly or through someone else, without first obtaining the permission of the probation officer. You must not enter the premises or loiter within 1000 feet of the victim's residence or place of employment.

2. You must not communicate, associate, or otherwise interact, with any known criminal street gang member or their affiliates, without first obtaining the permission of the probation officer.

3. If you pose a risk to another person or an organization, the probation officer may seek permission from the court to require you to notify that person or organization about the risk. If the court approves, you must provide the notification. The probation officer may contact the person or organization to confirm that you have provided the proper notification.

4. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

5. You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

6. You must live at an approved residence, and must not change your living situation without advance approval of the supervising officer.

7. You must not reside or loiter within 500 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades

8. You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

9. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

10. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

11. You must complete a sex offender evaluation, which may include psychological and polygraph testing. You must pay according to your ability and allow the reciprocal release of information between the evaluator and supervising officer.

12. You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

13. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

14. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

15. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

SPA: $100.00

Fine: Waived

Defendant is indigent so will not impose the JVTA.

Court will recommend FCI Englewood in Colorado for safety concerns.

Restitution: $257.55

Waiver of Right to Appeal discussed.